975 So.2d 630 (2008)
T.W., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D07-4781.
District Court of Appeal of Florida, Fourth District.
March 5, 2008.
Frank A. Kreidler, Lake Worth, for appellant.
Jeffrey Dana Gillen, West Palm Beach, for appellee.
WARNER, J.
We affirm the trial court's final order terminating the appellant's parental rights. The evidence and judgment of the court satisfies the three-part test set forth in M.H. v. Department of Children & Families, 866 So.2d 220 (Fla. 1st DCA 2004). The mother, a drug addict for twenty-two years, maintained that her addiction did not threaten her children. However, she ignores the lack of stability her children have endured due to her addiction, including being left in the care of inadequate caregivers, as well as their significantly sub-par performance in school prior to their removal from her care. She has refused treatment and failed to perform any of the tasks under her case plan. She is incarcerated as a result of drug charges and violation of her probation. Although the mother genuinely appears to love her children, and they love her, as one of the witnesses stated, "Love is not enough." The children need stability, which the mother cannot provide, even though she was given every opportunity to reform herself.
The mother also objects to the trial court's refusing to allow two of her four children to testify without making findings pursuant to Florida Rule of Juvenile Procedure 8.255(d)(2)(C). That provision, however, applies only where an in-camera examination has occurred. The trial court refused to permit two children from testifying, because the attorney for the children told the court that they did not wish to testify. The court had already heard that the children loved their mother. In fact, the adult child and one of the minor children testified, and each told the court that their mother was a good mother. The *632 minor child preferred to remain with the mother, if she could. The court acknowledged that the non-testifying children would make the same types of statements. It asked mother's counsel if there was something else that would be presented through their testimony. The mother's counsel simply explained that he thought it was important for the court to hear that they loved their mother and wanted to be placed with her. The court acknowledged that would be their testimony and with its understanding that the two children did not want to appear, the court denied the request to call them.
In her initial brief, the mother does not argue that the court erred in failing to find that the children's mental or physical condition or age made a court appearance against their best interest, in accordance with Florida Rule of Juvenile Procedure 8.255(b). That argument is not made until the reply brief and is thus too late. Nevertheless, we conclude that the error in refusing the live testimony is harmless, where the court accepted the proffered testimony. In its final judgment, the court noted that the children were bonded to their mother. The court concluded that "while growing up without their mother might be painful to J.G., I.J., and M.H., it is preferable to the instability and uncertainty that a relationship with the mother promises." The court credited the proffered testimony of the children but made its own determination of their best interests. On this particular record, we conclude that the refusal to call the two children does not result in a miscarriage of justice.
Affirmed.
STONE and FARMER, JJ., concur.